UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYNTHIA LIRETTE | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3594 DIV. (2) |
| SONIC DRIVE-IN CORPORATION, ET AL. | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 26.

Before me are a Motion to Dismiss for Failure to State a Claim filed by Defendant Sonic Franchising, LLC (ECF No. 10), which was scheduled for submission on February 15, 2023, a Motion to Dismiss by Defendant Theodore Kergan (ECF No. 24), which was scheduled for submission on April 12, 2023, and a Motion to Dismiss by Defendant Gary Wilkerson (ECF No. 27), which was scheduled for submission on April 26, 2023.  No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Plaintiff failed to file an Opposition Memorandum in response to any of the motions by the applicable deadlines set forth by Local Rule 7.5 (*e.g.,* February 7, 2023 for Sonic's motion, April 4, 2023 for Kergan's motion, and April 18, 2023 for Wilkerson's motion).  Considering the record, the submission and arguments of counsel, and the applicable law, the Court finds that the motions are not only unopposed but have merit.  Accordingly, the Defendants' motions to dismiss (ECF Nos. 10, 24, and 27) are GRANTED, with leave to amend as stated herein.

1

## I.     BACKGROUND

Defendant Sonic Drive-In Corporation (properly identified as Sonic Franchising LLC[1]) ("Sonic") issued a franchise license to Defendant Kergan Brothers, Inc. ("Kergan Brothers") to operate a Sonic Drive-In restaurant in Louisiana.  ECF No. 1 ¶ 5.  Plaintiff Cynthia Lirette worked as a supervisor of a Sonic Drive-In restaurant in New Orleans owned by Kergan Brothers from October 2014 through October 2020.  *Id.* ¶¶ 17, 21, 74.

Plaintiff asserts claims under Title VII (sex-based hostile environment and discrimination) and the Equal Pay Act against Sonic, Kergan Brothers, Theodore Kergan II (owner and CEO of Kergan Brothers) and Gary Wilkerson (supervisor employed by Kergan Brothers).  *Id.* at ¶¶ 1-2, 9-10, 47-75.  Specifically, Plaintiff alleges that male supervisors were assigned more desirable and manageable territories and stores, that she was assigned low-performing and problem stores based on her sex and gender.  *Id.* ¶¶ 18-19,  She further asserts that Defendant Wilkerson routinely subjected her to a hostile work environment based on derogatory remarks based on her sex and gender and Defendant Kergan humiliated and berated her in front of her peers while male supervisors were not subject to similar treatment.  *Id.* ¶¶ 21-27.  She also alleges that she was denied training opportunities granted to male supervisors, paid less than her male counterparts for equal work, and received smaller bonuses than male supervisors.  *Id.* ¶¶ 28-42.

## II.     ARGUMENTS ON MOTION TO DISMISS

Defendant Sonic now moves to dismiss Plaintiff's claims against it because Plaintiff's Complaint does not allege that Sonic was her employer and concedes Sonic simply issued a franchise license to her employer Kergan Brothers, Inc.  It also argues that Plaintiff's Complaint fails to set forth any facts to support an inference that Sonic was her "employer" under either Title

---

[1] ECF No. 10.

VII or the Equal Pay Act nor that Sonic and Kergan Brothers are "joint employers" or an "integrated enterprise." ECF No. 10-1 at 1-2, 3-6, 6-7.

Defendant Kergan (individually) moves to dismiss the claims asserted against him on the basis that he is not a Title VII employer and there is no individual liability under Title VII. ECF No. 24-1 at 2-3. Likewise, Kergan argues that he is not liable under the EPA simply based on his status as the owner of Kergan Brothers, and the complaint lacks any allegations suggesting that he hired Plaintiff, supervised or controlled her schedule or conditions of employment, or otherwise exercised authority over her employment, and the limited allegations direct to Kergan reflect, at most, occasional job-related interactions. *Id.* at 3-4.

Similarly, Defendant Wilkerson moves to dismiss the claims asserted against him on the basis that he is a co-employee rather than an "employer" under Title VII and there is no individual liability under Title VII. ECF No. 27-1 at 2-3. Wilkerson also asserts that he is not liable under the EPA because he was not Plaintiff's "employer," the complaint lacks any allegations suggesting that he determined Plaintiff's pay, set her work schedule, controlled the conditions of employment, or maintained employment records, and that the complaint's reference to multiple "Defendants" is not sufficient to establish that any individual engaged in the alleged activity. *Id*. at 3-5.

## III.   LAW AND ANALYSIS

### A.   Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[2] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[3]

---

[2] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[3] *Id.*

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (*i.e.,* the factual allegations must "be enough to raise a right to relief above the speculative level").[4]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[5]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[6]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[7]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[8]  The complaint must include enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[9]  Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[10]

---

[4] *Twombly*, 550 U.S. at 555 (citation omitted).

[5] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.

[6] *Iqbal,* 556 U.S. at 678 (citation omitted).

[7] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[8] *Iqbal*, 556 U.S. at 678 (citation omitted).

[9] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).

[10] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

Although Rule 12(d) of the Federal Rules of Civil Procedure requires the court to treat the motion as a Rule 56 motion when matters outside of the pleadings are presented and not excluded by the court, the Court may consider documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice in the Rule 12 analysis without converting the motion to a Rule 56 motion.[11]   In addition, the court may consider any documents attached to either the motion to dismiss or an opposition to that motion when the documents are referenced in the pleadings and are central to a plaintiff's claims.[12]   Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[13]

### B.   Title VII Applies to Employers

The purpose of Title VII is to protect employees from their employers' unlawful actions.[14] A Title VII employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b).

---

[11] *See, e.g., Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[12] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp*., 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Walch v. Adjutant General's Dep't of Tex*., 533 F.3d 289, 293–94 (5th Cir.2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig*., 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc*., 925 F.3d 727 (5th Cir. 2019).

[13] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 377 (5th Cir. 2004) (stating that if an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co*., 113 F.2d 812, 813 (5th Cir. 1940)); *Thermo Credit, LLC v. Cordia Corp*., No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Assoc. Builders, Inc. v. Ala.  Power Co*., 505 F.2d 97, 100 (5th Cir. 1974)).

[14] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).

Two steps are required to determine whether a defendant is an employer:  (1) the defendant must fall within the statutory definition, and (2) there must be an employment relationship between the plaintiff and the defendant.[15]  As Title VII only protects "the interests of those in employment relationships," a plaintiff cannot state a Title VII claim against a non-employer.[16]

### 1.   *Individual Liability under Title VII*

Although Title VII's statutory definition of employer includes "any agent" of an employer, the Fifth Circuit does not interpret that language as imposing individual liability on agents.[17] Rather, the Fifth Circuit has held that Congress's purpose in extending the definition of employer to include an agent was simply to incorporate *respondeat superior* liability into Title VII such that a Title VII suit against an employee is actually a suit against the corporation.[18]

The Fifth Circuit has repeatedly held that individuals simply cannot be held liable under Title VII in either their individual or official capacities.[19]

### 2.   *Joint Employer or Integrated Enterprise Liability*

Case law recognizes that a defendant that is not plaintiff's direct employer may nonetheless be considered an employer under Title VII when that entity is either part of an integrated

---

[15] *Deal v. State Farm County Mut. Ins. Co.,* 5 F.3d 117, 118 n. 2 (5th Cir. 1993) (citations omitted).

[16] *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020) (citation omitted), *cert. denied*, 141 S. Ct. 1382 (2021); *see also Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (stating "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee") (citing 42 U.S.C. § 2000e(b)'s definition of employer).

[17] *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted).

[18] *Id*. (citations omitted).

[19] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citation omitted).

enterprise[20] with her employer or a "joint employer."[21]  These doctrines are similar, with the single employer doctrine focused on the interrelatedness of separate corporate entities while the joint employer doctrine is focused on whether separate entities jointly control each other's employees, including supervision of the employees' day-to-day activities, authority to hire or fire employees, promulgation of work rules and conditions of employment, work assignments, and issuance of operating instructions.[22]

---

[20] In Title VII cases, "'superficially distinct entities may be exposed to liability upon a finding they represent a single, integrated enterprise: a single employer.'" *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (quoting *Trevino v. Celanese Corp.,* 701 F.2d 397, 404 (5th Cir. 1983)).  The Fifth Circuit applies a four-factor test to determine whether two entities are a single employer for Title VII purposes: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.  *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 343 (5th Cir. 2005) (citation omitted); *Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (citing *Trevino*, 701 F.2d at 403).  Interrelation of operations "ultimately focuses on whether" one entity "excessively influenced or interfered with the business operations" of the other. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997) (cleaned up).  Evidence that one entity is involved in the "daily employment decisions" of the other is "central."  *Schweitzer*, 104 F.3d at 765.  The fact that one entity "ultimately benefitted from the activities" of the other "is irrelevant to whether their operations were interrelated." Lusk, 129 F.3d at 778 (citations omitted).  "Attention to detail, not general oversight, is the hallmark of interrelated operations."  *Id.* (citing *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 982 (4th Cir. 1987)).  Evidence suggestive of interrelated operations includes (1) one entity's involvement in the other's daily decisions relating to production, distribution, marketing, and advertising; (2) shared employees, services, records, and equipment; (3) commingled bank accounts, accounts receivable, inventories, and credit lines; (4) one entity's maintenance of the other's books; (5) one entity's issuance of the other's paychecks; and (6) one entity's preparation and filing of the other's tax returns.  *Id.*  Centralized control of labor relations has been called the most important factor and focuses on which entity made the final decisions on employment matters regarding the person claiming discrimination.  *Johnson*, 398 F.3d at 343 (citing *Schweitzer*, 104 F.3d at 764; *Trevino*, 701 F.2d at 404).

[21] To determine whether two entities may be held liable as joint employers, the Fifth Circuit employs the "hybrid economic realities/common law control test." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015) (citation omitted). The most important component of the test is the right to control an employee's conduct, which is a fact-specific inquiry. *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citation omitted). To evaluate level of control, courts look to the entity that maintains "the right to hire and fire, the right to supervise, and the right to set the employee's work schedule." *Perry v. VHS San Antonio Partners*, *L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021). The "economic realities" component focuses on who paid the employee's salary, provided benefits, withheld taxes, and set the terms of employment. *Id.*

[22] *See, e.g., Meredith v. La. Fed'n of Teachers*, No. 94-3712, 1996 WL 137632, at **6-7 (E.D. La. Mar. 26, 1996) (distinguishing between the two doctrines and applying *Trevino* factors to determine whether defendants could be considered one entity under single employer doctrine); *Murdock v. City of Houston*, No. 10-56, 2011 WL 7109286, at **3-6 (S.D. Tex. Sept. 21, 2011) (same); *Hooge v. Union Pac. R.R. Co.*, No. 18-1112, 2020 WL 3067219, at *9 (M.D. La. June 9, 2020) (explaining aggregation of employees under each doctrine) (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193 (2d Cir. 2005)).

C. **Equal Pay Act Claims**

The Equal Pay Act is a 1963 amendment to the Fair Labor Standards Act ("FLSA"), which defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d) (2006).  A prima facie case under the Equal Pay Act has three elements: (1) the employer must be subject to the Equal Pay Act; (2) the employee's work must "requir[e] equal skill, effort, and responsibility under similar working conditions" to that of an opposite-sex comparator; and (3) the employee must be paid less than the comparator.[23]

While courts hold that Title VII's definition of employer does not include individual supervisors, that EPA's definition of that term has not been found to exclude individual liability.[24] Instead, the Fifth Circuit has held that the FLSA's definition of employer is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees."[25]  But individual liability does not automatically accompany supervisory responsibility because, for liability to attach, the individual must "independently exercise control over the work situation."[26]

---

[23] *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) (quoting *Jones v. Flagship Int'l*, 793 F.2d 714, 722-23 (5th Cir. 1986)); *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 617 (5th Cir. 2020) (quoting *Chance*, 984 F.2d at 153).

[24] *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (citations omitted) (rejecting "formalistic labels or common-law notions of the employment relationship" in the FLSA context), abrogated on other grounds as stated in *Reich v. Bay, Inc.*, 23 F.3d 110, 117 n.4 (5th Cir. 1994).

[25] *See Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (finding defendant was an employer under the EPA because he had "exercised control over the work situation" by hiring and directly supervising employees, signing paychecks, and serving as the "driving force" behind the company) (citations omitted); *Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984) (finding the defendant was an employer under the EPA because he held [the companies'] purse strings).  *But see Traylor v. S. Components, Inc.*, No. 18-0775, 2019 WL 3526358, at *3 (W.D. La. Aug. 1, 2019) (finding EPA claim against individual employee to be a "remedial redundancy" when actual employer is already named) (citing *Souter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 511-12 (5th Cir. 2012)).

[26] *Donovan v. Grim Hotel Co.*, 747 F.2d at 972. This requires both a sufficient level of control and a nexus to the protected rights at issue.  *Id.* at 972 (holding individual liable because "[i]t was only he who could authorize compliance with the Fair Labor Standards Act").

The ultimate determination of whether an individual is an employer under the EPA is a question of law, but that legal question is dependent on factual determinations as to each factor of the economic realities/common law control test.[27]  Similar to Title VII, the Fifth Circuit uses an "economic realities" test to determine whether a defendant is an EPA employer, considering who has operating control over the employees, and whether the alleged employer: (1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records.[28]  Although a plaintiff need not establish each element to hold an individual liable as an EPA employer, the absence of all is fatal.[29]  Key to holding a defendant individually liable is whether the defendant has operating control over employees within companies.[30]

"In cases where there may be more than one employer, [a] court must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test."[31]

**D.  <u>Amendment</u>**

A court should generally allow plaintiff an opportunity to amend before dismissing an action for failure to state a claim under Rule 12(b)(6).[32]  As the Supreme Court stated:

---

[27] *Castillo v. Givens*, 704 F.2d 181, 187 n.12 (5th Cir. 1983), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Slabisak v. Univ. of Tex. Health Sci. Ctr.*, 2018 WL 4762121, at *2 n.1 (E.D. Tex. Oct. 2, 2018) (citing cases).

[28] *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 F. App'x 182, 185 (5th Cir. 2014) (quoting *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012)).

[29] *See Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014); *Oncale v. CASA of Terrebonne Par., Inc.*, 2020 WL 3469838, at *13 (E.D. La. June 25, 2020) (quoting *Joaquin v. Coliseum Inc.*, 2016 WL 3906820, at *2 (W.D. Tex. July 13, 2016)) (alterations omitted); *Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 253 (5th Cir. 2012) (affirming summary judgment for defendant when plaintiff only established one economic-realities factor); *Gunaldo v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 2020 WL 4584186, at *13 (E.D. La. Aug. 10, 2020) (citations omitted) (holding that individual defendant is not an employer where only one economic-realities factor was satisfied).

[30] *Orozco*, 757 F.3d at 448 (quoting *Martin*, 688 F.3d at 251).

[31] *Gray*, 673 F.3d at 355 (quotation omitted).

[32] *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citation omitted).

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[33]

Where, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[34]

Likewise, a court may deny leave to amend where a proposed amendment would be futile.[35] An amendment is futile if it would not survive a Rule 12(b)(6) motion.[36]  The party seeking leave to amend is required to give the court some notice of the nature of the proposed amendments in order to take advantage of Rule 15's liberal amendment rules.[37]  The failure to specify how an amendment would cure the fundamental deficiencies in the pleading supports the determination that amendment would be futile.[38]

### E.  Analysis

Fifth Circuit precedent is clear that a plaintiff cannot state a claim against an individual under Title VII when that individual is not an "employer" as defined by §2000e(b).  As such,

---

[33] *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989) (emphasis added),  *superseded by statute on other grounds as stated in Irizarry v. Sec'y, Fla. Dep't. of Corr.*, No. 21-10591, 2021 WL 3231163 (11th Cir. July 22, 2021).

[34] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[35] *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2004)); *Rivera-Colon v. Parish of St. Bernard*, 516 F. Supp. 3d 583, 591 (E.D. La. 2021) (citing *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010)).

[36] *Marucci Sports*, 751 F.3d at 378 (citation omitted); *see also Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)).

[37] *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003))).

[38] *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) (citing *Legate v. Livingston*, 822 F.3d 207, 212 (5th Cir. 2016)); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (affirming denial of motion for leave to amend where the request stated simply: "Should this Court find that the Complaint is insufficient in any way, however, plaintiffs respectfully request leave to amend."); *Willard*, 336 F.3d at 387–88 (determining that a bald statement that a "court should not dismiss a plaintiff's complaint under Rule 9(b) unless the plaintiff has already been given the opportunity to amend" is an insufficient request of leave to amend).

Plaintiff cannot state a Title VII claim against either Wilkerson or Kergan (individually) as a matter of law.  Further, Plaintiff cannot cure this problem through amendment as any amendment with regard to Kergan or Wilkerson's personal liability under Title VII would be futile.

With regard to the Title VII claim against Sonic and the EPA claims against Mr. Kergan, Sonic, and Wilkerson, Plaintiff's complaint fails to contain sufficient factual allegations necessary to state a claim.  The Complaint does not allege that Wilkerson, Sonic or Mr. Kergan was her direct employer, that she had an employment relationship with any of them, or that any of them is part of a single enterprise with her employer or a joint employer.[39]  Rather, Plaintiff explicitly alleges that Kergan Brothers employed her.  ECF No. 1 ¶ 4.  Her only relevant allegations as to Mr. Kergan and Sonic are that Mr. Kergan is the owner and CEO of her employer Kergan Brothers and Sonic granted a franchise to Kergan Brothers and blessed employee store assignments.  ECF No. 1 ¶¶ 5, 9, 19.[40]  She also alleged that Mr. Kergan told her supervisor not to allow her to go on a learning trip and that he berated her.  *Id*. ¶¶ 26, 33.  Plaintiff's only relevant allegation as to Wilkerson is that he was her direct supervisor, and he made the store assignments.  *Id*. ¶¶ 10, 43.  She did not allege that he determined her pay, set her work schedule, controlled the conditions of employment, or maintained employment records.

Plaintiff's Complaint is thus devoid of any factual allegations necessary to support an assertion of an employment relationship based on either a joint employer or single enterprise theory.  Moreover, franchisors typically are not viewed as joint employers of their franchisees' employees under Title VII, except under limited circumstances where the franchisor exercised a

---

[39] *See Muhammad*, 479 F.3d at 380 (recognizing that a plaintiff must allege sufficient facts to establish that she had an employment relationship with the defendant to state a Title VII claim).

[40] Plaintiff also includes some general "group" pleadings (*id*. ¶¶ 28, 56), but as the Fifth Circuit has explained, the notice pleading requirements of the Federal Rules of Civil Procedure entitle each defendant to know what it did that is asserted to be wrongful, and allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss.  *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243-44 (5th Cir. 2021) (citations omitted).

high degree of direct and immediate control over the franchisees' employees' terms and conditions of employment.[41]

IV.    **CONCLUSION**

Plaintiff's Title VII claims against Wilkerson and Kergan individually must be dismissed. Given that any amendment with regard to this claim would be futile, the dismissal is with prejudice and without leave to amend.

Although Plaintiff's Complaint fails to set forth necessary facts to support a finding that Kergan or Wilkerson is her "employer" for purposes of the EPA or that Sonic is her "employer" under either Title VII or the EPA, she will be granted the opportunity to file an amended complaint setting forth any available facts necessary to support an employment relationship under applicable law.  Failure to do so within 14 days will result in the dismissal of her EPA claims against Sonic, Kergan, and Wilkerson as well as dismissal of her Title VII claims against Sonic.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Sonic's Motion to Dismiss (ECF No. 10) is GRANTED. Plaintiff may file an amended complaint within 14 days.  Failure to do so within 14 days will result in the dismissal of her Title VII and EPA claims against Sonic.

IT IS FURTHER ORDERED that Defendant Kergan's Motion to Dismiss (ECF No. 24) and Defendant Wilkerson's Motion to Dismiss (ECF No. 27) are GRANTED.  Plaintiff's Title VII claims against Wilkerson and Kergan are dismissed with prejudice and without leave to amend based on futility.  Plaintiff is granted leave to file an amended complaint within 14 days setting forth the facts necessary to support an EPA claim against Kergan and/or Wilkerson.  Failure to do

---

[41] *See, e.g., Smith v. JEENS, Inc*., 566 F. Supp. 3d 941, 946 (S.D. Iowa 2021) (citing *Salazar v. McDonald's Corp*., 939 F.3d 1051, 1055, 1059 (9th Cir. 2019) (granting McDonald's motion for summary judgment in case involving state-law labor violations)); *see also Matthews v. Int'l House of Pancakes, Inc*., 597 F. Supp. 2d 663, 671 (E.D. La. 2009) (citing cases chronicling franchisor liability issues).

so within 14 days will result in the dismissal with prejudice of her EPA claims against Kergan and/or Wilkerson.

New Orleans, Louisiana, this 26th day of April, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE